

**Judicial Qualifications Commission**
**State of Georgia**
P.O. Box 674374
Marietta, GA 30006

---

May 1, 2024

**CONFIDENTIAL - TO BE OPENED**
**BY ADDRESSEE ONLY**

**VIA FEDEX OVERNIGHT** (to candidate)

**VIA E-MAIL** (to attorney for candidate)

Mr. John J. Barrow
255 Milledge Heights
Athens, GA 30606

Re: <u>JQC Complaint No. 2024-216</u>

Dear Mr. Barrow,

This correspondence serves as notice that the above-referenced Complaint has been initiated against you according to Judicial Qualifications Commission ("JQC") Rule 17 (A). The Complaint relates to the following:

- Your repeated statement/commentary that "[you're] running because we need Justices on the Georgia Supreme Court who will protect the right of women and their families to make the most personal family and healthcare decisions they'll ever make. Despite many fine qualities, it's obvious from his record that the incumbent, Justice Pinson, cannot be counted on to do that;" [campaign announcement; campaign website; campaign Facebook]

    o  This statement/commentary violates the following CJC provisions:
        - Rule 1.2 (A) (*failing to act in a manner that promotes public confidence in the independence, integrity, and impartiality of the judiciary; see also explanation provided below in reference to Rules 4.2 (A)(2) and (A)(3)*)
        - Rule 4.2 (A)(2) (*making statement that commits the candidate with respect to issues likely to come before the court that are inconsistent with the impartial performance of the adjudicative duties of judicial office*)

1

- Rule 4.2 (A)(3) (*misleading statement regarding role of jurists, implying they should be counted on to "protect" selected rights, and suggesting that opponent cannot be counted on to do such "protecting"*)

- Your repeated statement/commentary that "[w]e can't expect Pinson to fight for our interests now that he's been appointed to the only court that can stop what he helped start." [campaign website, campaign Facebook]

    o This statement/commentary violates the following CJC provisions:
        - Rule 1.2 (A) (*failing to act in a manner that promotes public confidence in the independence, integrity, and impartiality of the judiciary; see also explanation provided below in reference to Rule 4.2 (A)(3)*)
        - Rule 4.2 (A)(3) (*misleading statements regarding role of jurists, implying that they should be expected to "fight for" selected interests*)

- Your statement that "now I'm running for the Georgia Supreme Court to protect our personal freedoms, including the freedom of women to make their own medical decisions, like abortion, fertility, and birth control. Politicians shouldn't be making your private medical decisions. Remember to vote in the Supreme Court race and I'll protect your rights." [campaign commercial]

    o This statement/commentary violates the following CJC provisions:
        - Rule 1.2 (A) (*failing to act in a manner that promotes public confidence in the independence, integrity, and impartiality of the judiciary; see also explanations provided below in reference to Rules 2.10 (B), 4.2 (A)(2), and (A)(3)*)
        - Rule 2.10 (B) (*making promises or commitments that are inconsistent with the impartial performance of the adjudicative duties of judicial office in connection with cases, controversies, or issues that are likely to come before the court*)
        - Rule 4.2 (A)(2) (*making statements that commit the candidate with respect to issues likely to come before the court that are inconsistent with the impartial performance of the adjudicative duties of judicial office*)
        - Rule 4.2 (A)(3) (*misleading statement regarding what your role of a jurist would be, suggesting that you will "protect" select rights*)

- Your statement/commentary that "Georgians have a state constitutional right to abortion and […] voters would boost their chances of restoring broader access to abortion by doing something they've never done before: defeating an incumbent state justice." [published by the Daily Report on April 29, 2024]

    o This statement/commentary violates the following CJC provisions:
        - Rule 1.2 (A) (*failing to act in a manner that promotes public confidence in the independence, integrity, and impartiality of the judiciary; see also explanations provided below in reference to Rules 2.10 (B), 4.2 (A)(2) and (A)(3)*)

2

- Rule 2.10 (B) (*making promises or commitments that are inconsistent with the impartial performance of the adjudicative duties of judicial office in connection with cases, controversies, or issues that are likely to come before the court*)
- Rule 4.2 (A)(2) (*making statements that commit the candidate with respect to issues likely to come before the court that are inconsistent with the impartial performance of the adjudicative duties of judicial office*)
- Rule 4.2 (A)(3) (*false statement regarding the current status of Georgia law*)

- Your statement/commentary that "I happen to believe that the Georgia Constitution does provide a right of privacy, and that encompasses everything that we associate with what was the law under Roe v. Wade. And then it's probably wider […] that would mean the current statute, the current ban we're living with right now, violates that provision of the Constitution." [published by the Daily Report on April 19, 2024]

    o This statement and/or any similar commentary violates the following CJC provisions:
    - Rule 1.2 (A) (*failing to act in a manner that promotes public confidence in the independence, integrity, and impartiality of the judiciary; see also explanation provided below in reference to Rule 4.2 (A)(3)*)
    - Rule 4.2 (A)(3) (*false statement regarding the current status of Georgia law*)

- Your statement, "Vote John Barrow for Georgia Supreme Court to keep the rights of healthcare decisions in the hands of women and families!" [campaign Facebook]

    o This statement violates the following CJC provisions:
    - Rule 1.2 (A) (*failing to act in a manner that promotes public confidence in the independence, integrity, and impartiality of the judiciary; see also explanation provided below in reference to Rule 4.2 (A)(2) and (A)(3)*)
    - Rule 4.2 (A)(2) (*making statements that commit the candidate with respect to issues likely to come before the court that are inconsistent with the impartial performance of the adjudicative duties of judicial office*)
    - Rule 4.2 (A)(3) (*misleading, suggesting a successful candidacy would result in "keep[ing] the rights of healthcare decisions in the hands of women and families!"*)

- A post depicting a graphic stating, "Georgia cannot be the first state to lose a special election around reproductive rights! Vote for John Barrow for Georgia Supreme Court." [campaign Facebook]

    o This post violates the following CJC provisions:
    - Rule 1.2 (A) (*failing to act in a manner that promotes public confidence in the independence, integrity, and impartiality of the judiciary; see also explanation provided below for Rule 4.2 (A)(3)*)

- Rule 4.2 (A)(3) (*false statement, this election is not "a special election around reproductive rights"*)

Please be advised that the Director and Special Committee on Judicial Election Campaign Intervention ("Special Committee") are aware of the United States Supreme Court's decision in *Republican Party v. White*, which found that the Minnesota Supreme Court's canon of judicial conduct prohibiting candidates from announcing their views on disputed legal and political issues violated the First Amendment. The concern regarding the above campaign conduct is <u>not</u> that you have stated your views on disputed legal and/or political issues – it is that you have **1)** emphatically stated your views on highly sensitive disputed legal and/or political issues (which differ from the current state of Georgia law) without also emphasizing the duty of a judge to uphold the Constitution and laws of Georgia; See Code, Rule 4.2 (A), Cmt. 1; **2)** mischaracterized the role of a jurist as someone who should (or would, in your case) "protect" selected rights, which is misleading; **3)** made pledges/promises/commitments related to highly sensitive cases/controversies/issues which are likely to come before the Georgia Supreme Court;[1] **4)** made misrepresentations about the current state of the law in Georgia; and **5)** created the false impression that if elected, your singular vote would or could result in a change in the law related to abortion in Georgia, all in violation of the Code.[2]

Pursuant to JQC Rule 29 (B), the Special Committee requests that you provide a written response to this correspondence <u>on or before Monday, May 6, 2024 at 5:00pm</u>. The Special Committee further requests that you <u>immediately</u> bring all campaign-related materials, information, and advertisements into compliance with the Code and any applicable JQC formal advisory opinions. This request includes but is not limited to your spoken and written statements/commentary; spoken or written statements/commentary of your campaign committee and any others acting at your direction; your campaign website; any and all social media accounts being utilized to publish/share campaign materials, information, and advertisements which are controlled by you, your campaign committee, and any others acting at your direction; flyers; mailers; signs; banners; commercials; robocalls; and robotexts.

Your written response should include what action, if any, you have taken to address the Code violations outlined above. Upon receipt of your response, the Special Committee will determine how to proceed according to JQC Rule 29 (B). Please be advised that the proceedings of the Special Committee are confidential, unless or until an exception pursuant to JQC Rules 11 (E) or 29 (B) becomes applicable.

---

[1] Rule 2.11 (A)(5) of the Code, which governs judicial disqualification and recusal, provides that "[j]udges shall disqualify themselves in any proceeding in which their impartiality might reasonably be questioned, or in which the judge has made pledges or promises of conduct in office other than the faithful and impartial performance of the adjudicative duties of the office, or statements that commit the judicial candidate with respect to issues likely to come before the court in its adjudication of cases."

[2] Importantly, the Code reminds us that "[e]ven when subject to public election, a judge plays a role different from that of a legislator or executive branch official. Rather than making decisions based upon the expressed views or preferences of the electorate, a judge makes decisions based upon the law and the facts of every case. Therefore, in furtherance of this interest, judges and judicial candidates must, to the greatest extent possible, be free and appear to be free from political influence and political pressure. The Canon imposes narrowly tailored restrictions upon the political and campaign activities of all judges and judicial candidates, taking into account the various methods of selecting judges."

Sincerely,

Courtney Veal
Director
Judicial Qualifications Commission

Cc: Mr. Lester Tate – Attorney for Mr. Barrow
Special Committee on Judicial Election Campaign Intervention